IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HERB FRESH, LLC, | CASE NO. 5:12-cv-03669 EJD |
| Plaintiff(s), | **ORDER GRANTING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER; ISSUING ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION** |
| v. | |
| GR PRODUCTS, LLC, et. al., | |
| Defendant(s). | [Docket Item No(s). 2] |

Plaintiff Herb Fresh, LLC ("Plaintiff") commenced the instant case primarily under the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. § 499e(c)(3), against Defendants GR Products, LLC ("GR") and its principals, Angus Calderhead, Peter Calderhead and Rodolfo Guizar. Presently before the court is Plaintiff's ex parte application for a temporary restraining order ("TRO") to enjoin Defendants from dissipating PACA trust assets, as well as a motion for preliminary injunction. See Docket Item No. 2. Plaintiff provided notice of this application to Peter Calderhead on July 11th and July 12, 2012, by overnight mail, facsimile and e-mail. See Decl. of Dennis Lewis, Docket Item No. 4. To date, Defendants have not filed written opposition or otherwise responded.

Federal jurisdiction arises pursuant to 28 U.S.C. §§ 1331 and 1367. Having carefully reviewed the pleadings, the court finds this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). As explained below, the court has determined there exists a

1

Case No. 5:12-cv-03669 EJD
ORDER GRANTING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER; ISSUING
ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION

sufficient basis for the issuance of ex parte injunctive relief. Accordingly, the request for a TRO will be granted and a hearing on the corresponding motion for preliminary injunction will be held on **Friday, July 27, 2012, at 2:00 p.m.**

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a PACA licensee in this business of growing, harvesting, and selling perishable agricultural commodities with headquarters in Salinas, California. See Decl. of Bob Sanchez ("Sanchez Decl."), Docket Item No. 5, at ¶ 5; see also Compl., Docket Item No. 1, at ¶ 4. GR is a PACA licensee and wholesaler in the business of buying and selling processed forms of produce. See Sanchez Decl., at ¶ 6; see also Compl., at ¶ 5. Between November 4, 2011, and March 14, 2012, Plaintiff sold and GR received thirty-three shipments of fresh basil and tarragon for an agreed-upon sales price of $112,212.50. See Sanchez Decl., at ¶ 7; see also Compl., at 13-14. Plaintiff provided to Defendant an invoice for each shipment on or about the date of each transaction which contained the following statement:

> The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act. . . . The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

See Sanchez Decl., at ¶¶ 8, 12-13; Ex. 3. The invoices further state that finance charges on delinquent accounts accrue at the rate of 1.5% per month, or 18% annually. See id.

Beginning in December, 2011, Plaintiff began to inquire about the balance owed by GR. See id., at ¶ 10. In response, Peter Calderhead explained that GR was experiencing financial difficulties and did not sufficient funds to pay Plaintiff. See id. He also acknowledged that GR owed Plaintiff $87,212.50, but disputed any amounts due after May 3, 2012. See id. Moreover, since Peter Calderhead had since formed a competing business, he instructed Plaintiff to contact Rodolfo Guizar regarding payment from GR. See id.

As of July 5, 2012, GR still owed Plaintiff $112,212.50, plus calculated interest of $6,817.88. See id., at ¶ 14.

## II. DISCUSSION

### A. Legal Standard

PACA provides for the establishment of a statutory trust "in which a produce dealer holds produce-related assets as a fiduciary until full payment is made to the produce seller or producer." Bowlin & Son, Inc. v. San Joaquin Food Serv. (In re San Joaquin Food Serv., Inc.), 958 F.2d 938, 939 (9th Cir. 1992). "The trust automatically arises in favor of a produce seller upon delivery of produce and is for the benefit of all unpaid suppliers or sellers involved in the transaction until full payment of the sums owing has been received." C & E Enters., Inc. v. Milton Poulos, Inc. (In re Milton Poulos, Inc.), 947 F.2d 1351, 1352 (9th Cir. 1991).

Plaintiff seeks a TRO to preserve PACA trust assets. The standard for issuing a TRO is the same as that for the issuance of preliminary injunction. See New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2, 98 S. Ct. 359, 54 L. Ed. 2d 439 (1977). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 129 S. Ct. 365, 376, 172 L. Ed. 2d 249 (2008).

"In the Ninth Circuit, a district court may issue a preliminary injunction when the moving party demonstrates either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) the existence of serious questions going to the merits and the balance of hardships tips sharply in its favor." Lockheed Missile & Space Co v. Hughes Aircraft Co., 887 F. Supp. 1320, 1322 (N.D. Cal. June 7, 1995) (citing Arcamuzi v. Continental Air Lines, Inc, 819 F.2d 935, 937 (9th Cir. 1987)); Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1049 (9th Cir. 2010). "These formulations are not different tests but represent two points on a sliding scale in which the degree of irreparable harm increases as the probability of success on the merits decreases." Big Country Foods, Inc. v Bd. of Educ. of the Anchorage School Dist., 868 F.2d 1085, 1088 (9th Cir. 1989).

### B. Application

Here, Plaintiff has met its burden to demonstrate probable success on the merits coupled with

United States District Court<br>For the Northern District of California

the possibility of irreparable injury.

As to the first part of the test, Plaintiff is entitled to the benefits associated with a PACA trust as a registered producer of agricultural commodities, and has preserved its ability to enforce the benefits of PACA through language on the invoices used in its dealings with GR. See 7 U.S.C. § 499a(b)(6); see also 7 U.S.C. § 499e(c)(3) ("The unpaid supplier, seller, or agent shall lose the benefits of such trust unless such person has given written notice of intent to preserve the benefits of the trust to the commission merchant, dealer, or broker and had filed such notice with the Secretary [of Agriculture] within thirty calendar days (I) after expiration of the time prescribed by which payment must be made, as set forth in regulations issued by the Secretary, [or] (ii) after expiration of such other time by which payment must be made...."); see also JC Produce, Inc. v. Paragon Steakhouse Rests., Inc., 70 F. Supp. 2d 1119, 1122 n.5 (E.D. Cal. 1999) (concluding that the notice on plaintiff's invoices, which advised that produce was sold pursuant to statutory trust authorized by PACA and were unchallenged by defendant, appeared consistent with PACA's statutory notice requirements). GR is also a PACA licensee and therefore qualifies as a "dealer" as that term is defined by PACA. See 7 U.S.C. § 499a(b)(6). Plaintiff has presented sufficient evidence that GR has not complied with its duties under PACA to maintain trust assets, and that Plaintiff has not been fully paid for produce it sold to GR. Thus, Plaintiff has demonstrated likely success on the merits in its TRO application, at least for claims based in PACA.

Plaintiff has also shown that it will suffer irreparable injury in the absence of a TRO. "A showing of threatened trust dissipation amounts to a showing of a possibility of irreparable injury." Rey Rey Produce SFO, Inc. v. Mis Amigos Meat Market, Inc., No C 08-1518 VRW, 2008 U.S. Dist. LEXIS 40607, at *5 (N.D. Cal. Apr. 24, 2008). "[O]nce the PACA trust is dissipated, it is almost impossible for a beneficiary to obtain recovery." Tanimura & Antle, Inc. v Packed Fresh Produce, Inc., 222 F.3d 132, 139 (3rd Cir. 2000) (citing Frio Ice, SA v Sunfruit, Inc., 918 F.2d 154, 159 (11th Cir. 1990)). In this case, Peter Calderhead indicated to Plaintiff that GR is encountering financial difficulties which have rendered it incapable of paying Plaintiff for the basil and tarragon delivered. Moreover, the court is concerned that GR will be abandoned by its principals in favor of another

4

Case No. 5:12-cv-03669 EJD
ORDER GRANTING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER; ISSUING
ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION

venture and that any of its remaining assets will be absorbed by the new company, thereby leaving Plaintiff without a way to recover from GR. The court finds these representations sufficient to constitute irreparable injury. See Rey Rey Produce SFO, Inc., 2008 U.S. Dist. LEXIS 40607, at *5-6 (finding evidence of prior bounced checks and unfulfilled promises to pay established irreparable injury element for a TRO under PACA).

In light of the discussion above, the court finds Plaintiff is entitled to a TRO. Accordingly, the court issues the following order which contains some, but not all, of the injunctive provisions proposed by Plaintiff.

### III.   ORDER

Based on the foregoing, Plaintiff's ex parte application for a TRO is GRANTED such that:

1. Pending the hearing on the Order to Show Cause scheduled herein, GR, Angus Calderhead, Peter Calderhead and Rodolfo Guizar and their agents, bankers, subsidiaries, successors, assignees, principals, attorneys, and persons acting in concert with them shall be and hereby are prevented from transferring, withdrawing or in any other manner removing or dissipating Perishable Agricultural Commodities Act [7 U.S.C. § 499e(c)] trust assets, including but not limited to farm products (in raw or processed form), the proceeds from the sale of farm products (in raw or processed form), and funds on deposit in banking accounts held by or on behalf of the defendants named in this action, from said defendants' banking accounts.

2. This Order shall be binding upon the parties to this action and all other persons or entities who receive actual notice of this Order by personal service or otherwise.

3. Due to the nature of the issued presented by this action, the court dispenses with the bond requirement contained in Federal Rule of Civil Procedure 65(c).

4. This TRO is effective on upon the date and time of filing and shall remain in effect until the date of hearing on preliminary injunction specified below.

5. Plaintiff shall forthwith serve all Defendants, or their resident agent, or their counsel, with a copy of this Order. Such service shall be completed no later than **July 19, 2012**.

Defendants are further ORDERED to show cause why they should not be preliminarily

5
Case No. 5:12-cv-03669 EJD
ORDER GRANTING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER; ISSUING ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION

<div style="writing-mode: vertical-rl;">**United States District Court**  
For the Northern District of California</div>

1 enjoined from distributing PACA trust funds as set out in Plaintiff's application for a preliminary

2 injunction. Defendants shall file a written response, if any, to this Order to Show Cause and

3 Plaintiff's application on or before **July 23, 2012**. Plaintiff may file a reply to Defendant's response

4 on or before **July 25, 2012**.

5 Plaintiff's motion for preliminary injunction and the order to show cause will be heard on

6 **July 27, 2012, at 2:00 p.m.** in Courtroom 4, 5th Floor, at the United States District Court located at

7 280 S. 1st Street in San Jose.

8 **IT IS SO ORDERED.**

9

10 Dated: July 16, 2012

_____
EDWARD J. DAVILA
United States District Judge

6
Case No. 5:12-cv-03669 EJD
ORDER GRANTING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER; ISSUING
ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION